# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| REBECCA STANISLAW, | DOCKET NUMBER |
| Appellant, | CB-7121-23-0001-V-1 |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, | DATE: July 7, 2023 |
| Agency. | |

## THIS ORDER IS NONPRECEDENTIAL[1]

Nicole M. Ferree, Esquire, Las Vegas, Nevada, for the appellant.

Arnulfo Urias, Esquire, Los Angeles, California, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### ORDER

¶1 The appellant has filed a request for review of an arbitration decision that sustained the agency's decision to remove her for unacceptable performance under chapter 43. For the reasons set forth below, we GRANT the request for

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

review under 5 U.S.C. § 7121(d), VACATE the arbitration decision, and FORWARD the matter to the Western Regional Office for further adjudication.

## ANALYSIS

The Board has jurisdiction to consider the appellant's request for review.

¶2 The Board has jurisdiction to review an arbitrator's decision under 5 U.S.C. § 7121(d) when the following conditions are met: (1) the subject matter of the grievance is one over which the Board has jurisdiction; (2) the appellant either (i) raised a claim of discrimination under 5 U.S.C. § 2302(b)(1) with the arbitrator in connection with the underlying action or (ii) raises a claim of discrimination in connection with the underlying action under 5 U.S.C. § 2302(b)(1) for the first time with the Board if such allegations could not be raised in the negotiated grievance procedure; and (3) a final decision has been issued. *Jones v. Department of Energy*, 120 M.S.P.R. 480, ¶ 8 (2013), *aff'd*, 589 F. App'x 972 (Fed. Cir. 2014); 5 C.F.R. § 1201.155(a)(1), (c).

¶3 Here, we find that all of these conditions have been met. First, it is undisputed that the appellant's grievance concerned her removal for unacceptable performance under 5 U.S.C. chapter 43, a subject matter over which the Board has jurisdiction. *See* 5 U.S.C. § 4303(e); *Galloway v. Social Security Administration*, 111 M.S.P.R. 78, ¶ 11 (2009). Second, the appellant alleged before the arbitrator that the agency's action was precipitated by disability discrimination. *E.g.*, Request for Review (RFR) File, Tab 1 at 86. Finally, the arbitrator has issued a final decision. *Id.* at 51-66. Consequently, we find that the Board has jurisdiction to review the arbitration decision.

The standard of review for an arbitration decision is limited.

¶4 The standard of the Board's review of an arbitrator's award is limited; indeed, such awards are entitled to a greater degree of deference than initial decisions issued by the Board's administrative judges. *Sadiq v. Department of Veterans Affairs*, 119 M.S.P.R. 450, ¶ 5 (2013). The Board will modify or set

aside such an award only when the arbitrator has erred as a matter of law in interpreting a civil service law, rule, or regulation. *Id.* Even if the Board disagrees with an arbitrator's decision, absent legal error, the Board cannot substitute its conclusions for those of the arbitrator. *Id.* Thus, the arbitrator's factual determinations are entitled to deference unless the arbitrator erred in his legal analysis, for example, by misallocating the burdens of proof or employing the wrong analytical framework. *Id.* Nevertheless, the Board can defer to the arbitrator's findings and conclusions only if the arbitrator makes specific findings on the issues in question. *Id.* Further, the Board may make its own findings when the arbitrator failed to cite any legal standard or employ any analytical framework for his evaluation of the evidence. *Id.*

<u>We vacate the arbitrator's conclusion that the agency proved its charge of unacceptable performance and forward the matter to the regional office.</u>

¶5 To defend an action under chapter 43, the agency must prove the following by substantial evidence:[2] (1) the Office of Personnel Management approved its performance appraisal system and any significant changes thereto; (2) the agency communicated to the appellant the performance standards and critical elements of her position; (3) the appellant's performance standards are valid under 5 U.S.C. § 4302(c)(1); (4) the appellant's performance during the appraisal period was unacceptable in one or more critical elements; (5) the agency warned the appellant of the inadequacies in her performance during the appraisal period and gave her an adequate opportunity to demonstrate acceptable performance; and (6) after an adequate improvement period, the appellant's performance remained unacceptable in at least one critical element. *Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 15.

---

[2] Substantial evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree. 5 C.F.R. § 1201.4(p).

¶6      Here, the arbitration decision did not set forth the above analytical framework for chapter 43 performance-based actions; indeed, it is unclear from the decision what legal standard the arbitrator employed in finding that the agency proved its charge of unacceptable performance. Additionally, it is difficult to distill from the decision the arbitrator's specific findings on the issues in question, if any.[3] Although the arbitrator ultimately stated that he "firmly believe[d] that the [a]gency met the substantial burden of proof of showing that the removal based on [the appellant's] substandard performance was reasonable," RFR File, Tab 1 at 66, this statement does not equate to a finding that the agency proved the six elements of a chapter 43 performance-based action by substantial evidence, *see Hollingsworth v. Department of Commerce*, 115 M.S.P.R. 636, ¶¶ 7-8 (2011) (explaining that an arbitrator's decision is not entitled to deference when the arbitrator decides an issue without making specific findings on the issues in question, citing the correct legal standard, or employing the proper analytical framework). Moreover, as discussed herein, we find that further adjudication is warranted regarding the appellant's discrimination-based affirmative defenses. These claims, if proven, are relevant as to whether the agency proved its charge; indeed, the appellant argued that the agency's discriminatory actions deprived her of a meaningful opportunity to demonstrate successful performance. RFR File, Tab 1 at 73; *see Viana v. Department of the Treasury*, 114 M.S.P.R. 659, ¶¶ 1, 8 (2010) (vacating an administrative judge's finding that the agency proved its charge when the appeal was remanded for further adjudication of the appellant's affirmative defense of discrimination). Accordingly, we vacate the arbitrator's conclusion that the agency proved its charge of unacceptable performance and forward the matter to the regional office for adjudication.

---

[3] It was often unclear whether the arbitrator intended to make findings of fact or merely summarize the evidence in the record. *E.g.*, RFR File, Tab 1 at 58.

<u>We vacate the arbitrator's conclusion that the appellant failed to prove her failure to accommodate disability discrimination claim.</u>

¶7    An agency is required to make reasonable accommodation to the known physical and mental limitations of an otherwise qualified individual with a disability unless the agency can show that accommodation would cause an undue hardship on its business operations. *Miller v. Department of the Army*, 121 M.S.P.R. 189, ¶ 13 (2014); 29 C.F.R. § 1630.9(a). Reasonable accommodation includes modifications to the manner in which a position is customarily performed in order to enable a qualified individual with a disability to perform the essential job functions. *Miller*, 121 M.S.P.R. 189, ¶ 13. In order to establish disability discrimination based on a failure to accommodate, an employee must show the following: (1) she is an individual with a disability, as defined by 29 C.F.R. § 1630.2(g); (2) she is a qualified individual with a disability, as defined by 29 C.F.R. § 1630.2(m); and (3) the agency failed to provide a reasonable accommodation. *Id.*

¶8    Here, although the arbitrator concluded that the appellant did not prove her failure to accommodate disability discrimination claim, RFR File, Tab 1 at 65, it is unclear what analytical framework he employed in reaching this conclusion. To this end, although he summarized the appellant's arguments regarding her medical condition, *id.* at 53, the arbitrator did not discernably issue a finding regarding whether she is a qualified individual with a disability under 29 C.F.R. § 1630.2(m), or whether she is an individual with a disability under 29 C.F.R. § 1630.2(g). Moreover, in analyzing the appellant's failure to accommodate claim, the arbitrator stated as follows: "The arbitrator clearly believes that the [a]gency was doing everything within their control and ability to operate efficiently in granting the accommodations." *Id.* at 65. This statement seemingly invokes the concept of undue hardship; however, undue hardship excuses an agency from providing an accommodation, and the arbitrator seemingly found

that the agency had granted the appellant's accommodation requests.[4] *Id.* at 65-66. Accordingly, because it is unclear what legal standard the arbitrator used, we vacate the arbitrator's findings and forward the appellant's failure to accommodate disability discrimination claim to the regional office for adjudication. *See Brookens v. Department of Labor*, 120 M.S.P.R. 678, ¶ 15 (2014) (forwarding the appellant's claims of discrimination to the regional office for further adjudication because the arbitrator did not set forth any analytical framework for his determinations); *see also Pace v. Department of the Treasury*, 118 M.S.P.R. 542, ¶ 9 (2012) (declining to defer to the arbitrator's decision regarding the appellant's discrimination claims when the arbitrator failed to analyze the claims under any recognizable legal standard or framework).

The arbitration decision did not address the appellant's claim that the agency engaged in equal employment opportunity (EEO) reprisal; accordingly, we forward this claim for adjudication.

¶9      In her request for review, the appellant asserts that the arbitrator failed to consider her claim that the agency engaged in disability reprisal. RFR File, Tab 1 at 5-10. We interpret this assertion as an argument that the arbitrator failed to consider her claim of EEO reprisal.[5] *E.g.*, *id.* at 2, 92. Of

---

[4] The arbitrator later stated as follows:

> In the arbitrator's opinion the [a]gency bent over backwards to accommodate [the appellant] and help her with her performance. It appeared that the [appellant] was unable to perform the essential functions of her job even though she was provided accommodations to do that.

RFR File, Tab 1 at 66.

Although this statement raises the specter of a dispositive finding that the appellant failed to show that she is a qualified individual with a disability, *see Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶ 28, given the arbitrator's failure to discernably identify the applicable legal framework or burden of proof for this claim and his statement regarding operational efficiency, we conclude that further adjudication is warranted.

[5] The appellant also argues that the arbitrator failed to consider her claims of "per se violations" of antidiscrimination law. RFR File, Tab 1 at 5. The appellant's claims in

note, shortly before the issuance of the arbitration decision, the Board clarified that a "but-for" standard is applicable to retaliation claims under the Americans with Disabilities Act Amendments Act of 2008. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 43-47. Accordingly, we forward this claim to the regional office for adjudication.

We clarify that the appellant's due process claim constitutes a claim of harmful procedural error and find that the appellant failed to prove this claim.

¶10 The appellant argued before the arbitrator that the agency had violated her due process rights. RFR File, Tab 1 at 83-85. Specifically, she contended that the agency violated a provision of the parties' collective bargaining agreement (CBA) pertaining to the timeframe within which she could respond to the agency's notice of proposed removal. *Id.* at 84-85. In his decision, the arbitrator first summarized this purported due process claim, *id.* at 51-52, and thereafter stated that "there [did] not appear to be any type of violation when the [a]gency failed to extend the [response] time period" for the appellant, *id.* at 66.

¶11 We clarify that allegations of agency error in applying CBA provisions in chapter 43 actions constitute claims of procedural error. *See Slavich v. Social Security Administration*, 102 M.S.P.R. 171, ¶ 8 (2006) (indicating that allegations of agency error in applying CBA provisions in chapter 43 actions are treated as claims of procedural error); *DeSousa v. Agency for International Development*, 38 M.S.P.R. 522, 526 (1988) (same). Pursuant to 5 U.S.C. § 7701(c)(2)(A), the Board will not sustain an agency's decision if the appellant "shows harmful error in the application of the agency's procedures in arriving at such decision." A procedural error is harmful when the record shows that an error by the agency was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Pumphrey v. Department of Defense*, 122 M.S.P.R. 186, ¶ 10 (2015); 5 C.F.R. § 1201.4(r).

this regard appear to be tethered to her claims of failure to accommodate disability discrimination and EEO reprisal.

Here, because the arbitrator found that the agency had not, as alleged, violated the CBA, the appellant failed to identify any procedural error; thus, she necessarily failed to prove the affirmative defense of harmful procedural error.  RFR File, Tab 1 at 66; *see Sadiq*, [119 M.S.P.R. 450](), ¶ 7 (explaining that an arbitrator is uniquely qualified to interpret a CBA, which is the source of the arbitrator's authority).

## ORDER

¶12    For the reasons set forth above, we forward this matter to the Western Regional Office for further adjudication.  The administrative judge assigned to the matter shall conduct further proceedings as necessary, consistent with this Order.  After the administrative judge issues the recommended decision, the case will be forwarded back to the Board.  The parties may file exceptions to the administrative judge's recommended decision with the Clerk of the Board within 20 days of the date of the recommended decision.  The parties may respond to any submission by the other party within 15 days of the date of such submission.  The Board will subsequently issue a final decision on the merits of the appellant's request for review.

FOR THE BOARD:                          /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.